# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5748 | DATE | 9/28/2004 |
| CASE TITLE | Terry Duke and Brad Lieberman vs. Affiliated Psychological Services, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The court finds that it properly granted defendant Affiliated Psychologists Ltd.'s motion to dismiss on January 16, 2003, on grounds that this court should abstain from interfering with ongoing state commitment proceedings. Because the claims against employees Reidda, Leavitt, and Quackenbush are integrally related to the claims against the moving defendant, the court sua sponte dismisses the claims against Reidda, Leavitt, and Quackenbush. This action is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 9 2004 date docketed | |
| ✓ | Docketing to mail notices. | | ybf docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK'S OFFICE | | |
| | Copy to judge/magistrate judge. | 2004 SEP 28 PM 3: 12 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY DUKE and BRAD LIEBERMAN,

    Plaintiffs,

v.

AFFILIATED PSYCHOLOGICAL SERVICES, et al.

    Defendants.

CASE NO. 02 C 5748

JUDGE LEINENWEBER

**MEMORANDUM OPINION AND ORDER**

Terry Duke and Brad Lieberman ("Plaintiffs"), detainees under the Illinois Sexually Violent Persons Act, 725 ILCS 207/1, *et seq.*, bring this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Affiliated Psychologists Ltd. ("Affiliated") and its employees[1] violated their constitutional right to due process. Defendant filed a motion to dismiss, which the court granted on January 16, 2003. However, Plaintiffs filed a motion to vacate the dismissal order because they had not had an opportunity to respond. The court granted Plaintiffs' motion and gave them an opportunity to respond to the motion to dismiss. After due consideration of Plaintiffs' response, the court concludes that Defendant's motion to dismiss was properly granted.

---

[1] The court will use the correct name of Affiliated Psychologists Ltd. Defendants Reidda, Leavitt, and Quackenbush, who are employees of Affiliated Psychologists Ltd., appear to have been served but have never filed an appearance and have not joined in this motion. A judge may grant summary judgment in favor of all defendants even if only some defendants have moved for summary judgment. *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir.) (citations omitted), *cert. denied*, 513 U.S. 839 (1994). A court may take this *sua sponte* action "where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related," *See Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993), *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988). Defendants Reidda, Leavitt, and Quackenbush are the employees who actually conducted the interviews about which Plaintiffs are complaining The claims against these employees are therefore integrally related to the claims against the moving defendant. The court therefore will grant the motion to dismiss as to them too.

## I. Standard of Review on a Motion to Dismiss for Lack of Subject Matter Jurisdiction

Affiliated's motion to dismiss is based on the abstention doctrine. This kind of motion is considered under Federal Rule of Civil Procedure 12(b)(1). *See Beres v. Village of Huntley*, 824 F. Supp. 763, 766 (N.D. Ill. 1992). The court may consider materials outside the pleadings without converting the motion into one for summary judgment. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993). In ruling on a 12(b)(1) motion, the court looks both to the allegations in the complaint and to other materials relating to the issue of the court's jurisdiction. *Discovery House, Inc. v. Consolidated City of Indianapolis*, 970 F. Supp. 655, 658 (S.D. Ind. 1997).

## II. Facts

Plaintiffs allege that the Circuit Court of Cook County ordered them to be detained under the Illinois Sexually Violent Persons Act. They have complained that their detention is illegal because no probable cause hearing was afforded them within the time frame set forth in 725 ILCS 207/30(b).[2]

Plaintiffs claim that Affiliated has attempted to conduct clinical interviews with them although it should not conduct such interviews before probable cause has been found. Plaintiffs allege that Affiliated's testing procedures have not been cross validated or peer reviewed and that their reports almost always echo the reports written by Department of Corrections evaluators although Affiliated is required by statute to give independent evaluations. Plaintiffs argue that Affiliated has a financial stake in keeping residents at the facility for life.

---

[2] Lieberman also filed a petition for a writ of habeas corpus arguing that the failure to hold a probable cause hearing within 72 hours of his detention violated his federal due process rights. *Lieberman v. Budz*, No. 00 C 2531, 2002 WL 1888396 (N.D.Ill. Aug. 16, 2002). Judge Andersen found that Lieberman's due process rights had not been violated because he filed a motion to dismiss the civil commitment petition within the 72-hour period on the basis that rape was not an included offense under the Illinois Sexually Violent Persons Act. This motion was briefed and argued extensively, making its way to the Illinois Supreme Court, which ultimately denied it. *In re Detention of Lieberman*, 201 Ill.2d 300, 776 N.E.2d 218, 267 Ill.Dec. 81 (2002).

2

Plaintiffs claim that by interviewing them before a finding of probable cause, Affiliated is acting as an evidence gatherer for the State of Illinois and misleads courts and juries as to the danger Plaintiffs pose.

Plaintiffs seek injunctive relief, specifically, an order protecting them from being subjected to the unprofessional, improper, and illegal practices performed on a routine and regular basis by Affiliated as a contractor for the Illinois Department of Human Services Sexually Violent Persons Program.

### III. Analysis

Affiliated argues that this action should be dismissed under Fed. R. Civ. P. 12(b)(1) pursuant to the abstention doctrine. Under this doctrine, federal courts should not entertain a claim for damages, injunctive, or declaratory relief, if disposition of the civil action would involve ruling on issues that could be raised in the state proceeding.

The abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain rather than interfere in a pending state criminal proceeding. This concept was later expanded to pending civil proceedings that implicate important state interests, *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977), and in which the federal claims can be decided by the state appellate tribunal, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 609 (1975). It also extends to claims for monetary relief if federal adjudication would be disruptive of the state proceeding, *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995), *citing Samuels v. Mackell*, 401 U.S. 66 (1971); *Hudson v. Chicago Police Dept.*, 860 F.Supp. 521, 523 (N.D. Ill. 1994).

A three-pronged test is used to determine whether abstention in favor of a state proceeding is appropriate. *Middlesex Co. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982).

3

The inquiries are (1) whether the state proceedings are ongoing; (2) whether the state proceedings implicate important state interests; and (3) whether the state proceedings provide an adequate opportunity to raise federal questions.

In the instant case, Plaintiffs' commitment proceedings were ongoing at the time they filed this action. Whether Plaintiffs' state actions are still pending does not matter for purposes of resolving this action, *see Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998). Plaintiffs' state court proceedings implicate important state interests, namely the commitment of sexually violent offenders to a treatment and detention facility pursuant to 725 ILCS 207/40. Finally, Plaintiffs have an adequate opportunity to raise any federal questions at their commitment proceedings. *Ohio Civil Rights Commission v. Dayon Christian School*, 477 U.S. 619 (1986). Although the commitment proceedings are civil rather than criminal, 725 ILCS 207/35(b), all the rules of evidence in criminal actions apply and the respondent has all constitutional rights available to a defendant in a criminal proceeding. 725 ILCS 207/35(b). Plaintiffs, who are represented by counsel, have an opportunity to raise any objections to the use of Affiliated and its employees before the state trial court.

Enjoining Affiliated and its employees from interviewing Plaintiffs would seriously disrupt ongoing state proceedings. The court accordingly finds that abstention is warranted in this case.

Instead of responding to Affiliated's argument that this court should abstain from ongoing state commitment proceedings, Plaintiffs contend that Affiliated should not be represented by the Attorney General's Office because it is a private corporation and not a state agency. Although Affiliated is a private corporation, it is under contract to provide certain services to the Department of Human Services. It is in regard to these particular services that the Attorney General is representing Affiliated. Plaintiffs' argument is disingenuous, especially since they characterized

4

Affiliated as "contractual employees of the State of Illinois" in their complaint. Their response also begs the question as to whether enjoining Affiliated from interviewing Plaintiffs, as they request, would interfere with state court proceedings.

Plaintiffs next argue that Affiliated does not have the statutory authority to interview Plaintiffs and have otherwise circumvented the statutory process. However, violations of state laws or procedural guarantees do not of themselves constitute a violation of federal rights protected under § 1983. *See Davis v. Scherer*, 468 U.S. 183 (1984); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (*en banc*).

**IV. Conclusion**

For the foregoing reasons, the court finds that it properly granted defendant Affiliated Psychologists Ltd.'s motion to dismiss on January 16, 2003, on grounds that this court should abstain from interfering with ongoing state commitment proceedings. Because the claims against employees Reidda, Leavitt, and Quackenbush are integrally related to the claims against the moving defendant, the court *sua sponte* dismisses the claims against Reidda, Leavitt, and Quackenbush. This action is dismissed in its entirety.

IT IS SO ORDERED.

HARRY D. LEINENWEBER, Judge

United States District Court

DATED: September 28, 2004